856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Sohoji WATANABE and Kiyoshi Okitsu.
 No. 87-1479.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1988.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the Board of Patent Appeals and Interferences, which affirmed the examiner's rejection under 35 USC 103 of claims 11, 12, and 14-17 in appellants' application Serial No. 373,306. We affirm.
 
 OPINION
 
 2
 Appellants argue that the board and the examiner erred in combining the principal reference, Chang, with the secondary references, Schoen and Radlove, because Chang conducts his process in an air atmosphere, whereas Schoen and Radlove "require an inert atmosphere in their processes," citing In re Avery, 518 F.2d 1228, 186 USPQ 161 (CCPA 1975). Appellants also argue that the use of Schoen was improper because Schoen teaches that compounds containing reactive hydrogen atoms are to be avoided during his polymerization reaction of epsilon-caprolactone, while Chang "require[s] active hydrogen atom compounds to be present as an initiator for the polymerization of epsilon-caprolactone."
 
 
 3
 We cannot agree with appellants that the combination of these references was improper. It is trite law that each reference must be considered in its entirety. Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1568, 1 USPQ2d 1593, 1597 (Fed.Cir.), cert. denied, 107 S.Ct. 2187 (1987); W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 F.2d 1540, 1550, 220 USPQ 303, 311 (Fed.Cir.1983), cert. denied, 469 U.S. 851 (1984). This means that the decision-maker must take into account not only those disclosures which suggest the claimed invention, but also those that diverge from and teach away from the invention at bar. The board and the examiner did not ignore this precept, and we are not convinced of any error in their decisions. We agree with the board's summary of the case on pages 2 and 3 of its opinion. The board's opinion points out that Schoen and Radlove contain straightforward, complementary teachings which suggest the use of a stannous chloride catalyst in lieu of the stannous octoate in the Chang process. Thus, In re Avery, where the court stated that "[n]either reference contains the slightest suggestion to use what it discloses in combination with what is disclosed in the other," 518 F.2d at 1233, 186 USPQ at 165, is distinguished.
 
 
 4
 Appellants' argument that Schoen's and Radlove's use of inert atmospheres in their processes teaches away from the combination with Chang is not persuasive. To begin with, Chang, the most pertinent reference, carries out his process in air, as do appellants. As to Schoen, he does not, contrary to appellants' suggestion, "require" an inert atmosphere for his process. Schoen simply states that an inert atmosphere is preferred, so as "to minimize degradation and discoloration of the polymers." Finally, while it is true that Radlove uses an inert atmosphere, we cannot say that the board or the examiner was wrong to rely on the combination made here. It seems to us that, considering the references in their entireties as would one skilled in the art, any difference between Radlove's disclosed method and the claimed invention relating to the reaction environment would not be reason to ignore the clear teachings in Schoen and Radlove which point to the desirability of the claimed invention. In other words, while the secondary references may in one sense teach away from the invention at issue, the clear suggestions in the references of the desirability, and thus the obviousness, of the claimed combination outweigh any contrary suggestion.
 
 
 5
 Nor are we persuaded by appellants' argument that the use of Schoen as a reference was improper because Schoen states that the presence of compounds containing reactive hydrogen atoms is to be avoided in the polymerization of epsilon-caprolactone, while Chang "require[s]" the use of such compounds as initiators. Schoen does suggest that compounds containing reactive hydrogen atoms be avoided during the polymerization, but the argument that Chang requires their use simply fails in fact.
 
 
 6
 We have considered appellants' other arguments, but are not convinced of any reversible error in the board's decision.